IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN BUKOVAC, ADMINISTRATOR OF, AND TRUSTEES OF THE AUTOMOBILE MECHANICS' LOCAL 701 UNION AND INDUSTRY PENSION FUND,<br><br>Plaintiffs,<br><br>v.<br><br>INTERSTATE BRANDS CORP., a foreign corporation,<br><br>Defendants. | No. 11 CV 6013<br><br>Judge<br><br>Magistrate Judge |

**COMPLAINT FOR DELINQUENT ERISA FUND CONTRIBUTIONS AND INJUNCTIVE RELIEF**

NOW COME the Plaintiffs, STEVEN BUKOVAC, ADMINISTRATOR OF, AND TRUSTEES OF THE AUTOMOBILE MECHANICS' INDUSTRY WELFARE AND PENSION FUND OF THE INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AFL-CIO, LOCAL 701, by and through their attorneys, JOHN F. ETZKORN, STEVEN F. MCDOWELL, GREGORY W. HOSÉ, and ARNOLD & KADJAN, and complain against Defendant, INTERSTATE BRANDS CORPORATION, for appropriate equitable and remedial relief under ERISA, 29 U.S.C. Sections 1106 and 1132(a)(1)(3), state as follows:

**Parties**

1. Plaintiffs are the Plan Administrator and the TRUSTEES OF THE AUTOMOBILE MECHANICS' LOCAL 701 UNION AND INDUSTRY PENSION FUND (the "Pension Fund"), and have standing to sue pursuant to 29 U.S.C. § 1132(d)(1).

2. The Pension Fund is an "employee pension benefit plan" as defined in 29 U.S.C. Section 1002(2)(A).

3. Collective bargaining agreements previously entered between the INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AFL-CIO, LOCAL 701 (the Union) and various employer associations with authority to negotiate a collective bargaining agreement with the union on behalf of management, as well as Declarations of Trust, established the Pension Fund.

4. As Plan Administrator and Trustees of the Pension Fund, Plaintiffs have a fiduciary duty to act solely in the interest of the participants and beneficiaries of the Pension Plan. 29 U.S.C. Section 1104. Failure to do so leaves the fiduciaries open to potential liability. See 29 U.S.C. Sections 1106; 1109.

5. Defendant, INTERSTATE BRANDS CORPORATION ("IBC" or "Defendant"), is an employer engaged in an industry affecting commerce, and keeps its principal place of business at 12 East Armour Blvd., Kansas City, Missouri.

6. Since on or about July 1, 2008, Defendant entered into and agreed to be bound by a Collective Bargaining Agreement covering the period July 1, 2008 through July 6, 2013 and Participation Agreements between itself and the Union, and, thereby, also bound itself to the Trust Agreements establishing the Pension Fund through its conduct, which acknowledges that it agrees to be bound to the terms of the Agreement and the Declaration of Trusts of the Pension

2

Fund including the Standard Participation Agreement and any amendments thereto. (*See* Exhibit 2.) A copy of the Collective Bargaining Agreement is attached hereto as Exhibit 1. A copy of the July 2011 Contribution Report Form is attached hereto as Exhibit 3.

7. The Collective Bargaining Agreement and Trust Agreements obligated Defendant to make pension contributions into the Pension Fund not later than the 10th day of the month following the month in which the work was performed.

8. As a signatory to the Collective Bargaining Agreement and contributor to the Pension Fund, Defendant is, and was at all times hereinafter referred to, an "employer" as defined in 29 U.S.C. Section 1002(5). Defendant is, and was at all times hereinafter referred to, also a party in interest with respect to the Pension Fund within the meaning of 29 U.S.C. Section 1002(14)(c).

### Jurisdiction

9. This Court has jurisdiction of this case under Section 502 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1131, 1132, 1145, as amended.

### Venue

10. Venue is proper in the Northern District of Illinois under 29 U.S.C. §1132(e)(2), where the Plaintiff Pension Fund is administered in this judicial district 500 W. Plainfield Rd., Countryside, IL 60525.

### Operative Facts

11. On or about July 25, 2011 the Fund received a contribution report from Defendant for hours weeks worked by its covered employees during the month of July 2011. This report contained contributions to the Auto Mechanics Local 701 Union Welfare Fund, but did not

include contractually required contributions to the Pension Fund. The contributions required from Defendant total $9,810.00 exclusive of liquidated damages and penalties.

12. On or about August 12, 2011 Plan Administrator Steven M. Bukovac received a letter via facsimile from Defendant advising Plaintiffs of a "temporary suspension of pension contributions" by Defendant "effective immediately." (*See* Exhibit 4) This is a unilateral change to the contribution provisions and is an anticipatory breach.

13. Enclosed with the August 12, 2011 letter to Mr. Bukovac is a letter also dated August 12, 2011 from Defendant to "the Hostess Brands Team." (*See* Exhibit 5.) This letter states that Defendant is "temporarily suspend(ing) payments to the multiemployer pension plans that we contribute to on behalf of many of our union employees."

14. Defendant further states to its employees that this "temporary suspension of payments to the pension funds will not affect your pension benefits. Employees will continue to earn pension benefits and our retirees will continue to receive their monthly pension checks without interruption. *The suspended payments will be a deferred obligation of the company to the multiemployer pension plans*." (Exhibit 4) (emphasis supplied.)

15. Pursuant to the Modification Agreement Between Interstate Brands Corporation and International Association of Machinists and Aerospace Workers – All Locations, paragraphs M and T, Defendant's previously unpaid contributions that had been waived become due and owing if Defendant fails to comply with the terms of the Local Agreement as modified by the Modification Agreement. (*See* Exhibit 6.)

<p style="text-align:center"><u>**COUNT I – IBC's DELINQUENCY**</u></p>

16. Defendant IBC has failed and refused to make contributions required by the Collective Bargaining Agreement to the Pension Fund for the work month of July 2011. These

contributions presently total $9,810.00 but Employer's letter is an anticipatory repudiation of its pension obligation.

17. As a result of this failure to comply with the terms of the Collective Bargaining Agreement, as well as the "temporary suspension of payments" to the Pension Fund, all previously waived contributions are now due and owing. (*See* Exhibit 6.) These amounts are now being calculated.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A. Plaintiffs be awarded **$9,810.00** for contributions owed for the work month of July, 2011 as provided for in the applicable agreements and ERISA Section 502(g)(2), plus an additional amount, yet to be determined, equal to the previously waived, but now due and owing, contributions.

B. Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action;

C. Defendant IBC be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments in a timely manner for the duration of the collective bargaining agreement and any extension.

D. This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

**COUNT II – IBC'S PROHIBITED TRANSACTIONS**

18. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 15 as if more fully stated herein.

19. As an "employer" pursuant to 29 U.S.C. Section 1002(5), Defendant is a "party in interest" to the Pension Fund pursuant to 29 U.S.C. Section 1002(14)(c).

20. Defendant has unilaterally begun a "temporary suspension of payments" to the Pension Fund. Nonetheless, Defendant informed its employees that they "will continue to earn pension benefits" and that retirees will "receive their monthly pension checks without interruption" (*see* Exhibit 5) placing a burden on the Fund to provide benefits without receiving payments for them.

21. Defendant has assured its employees and retirees in this manner because, Defendant states, "[t]he suspended payments will be a deferred obligation of the company to the" Pension Fund). (*Id.*) It is in fact refusal to pay and its unilateral demand for credit from the Pension Fund.

22. Defendant has, in characterizing its "temporary suspension" as a "deferred obligation of the company to the" Pension Fund, admitted that it is receiving credit or a loan from the Pension Fund in the amount of its defaulted monthly obligation(s).

23. Plan assets are "never (to) inure to the benefit of any employer and shall be held for the exclusive purposes of providing benefits to participants in the plan and their beneficiaries ..." 29 U.S.C. 1103(c)(1). To do otherwise is a breach of fiduciary duty.

24. Because Pension Fund assets cannot inure to the benefit of employers, the Pension Fund is prohibited by 29 U.S.C. Section 1106(a)(1)(B) from extending a loan or credit to any party in interest. IBC as a contributing Employer is a party in interest to the Pension Fund.

25. The Pension Fund is further prohibited by 29 U.S.C. Section 1106(a)(1)(D) from transferring to or using any plan assets for the benefit of a employer party in interest.

26. As Defendant is effectively using the Pension Fund contributions as a line of credit, it is using plan assets for its own benefit in violation of 29 U.S.C. Sections 1103(c)(1), 1106(a)(1)(B) and 1106(a)(1)(D).

27. Defendant, by not defining the period of this "temporary suspension" of required contributions, has further informed Plaintiffs that these unlawful acts will continue indefinitely.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A. Enter judgment in favor of Plaintiffs and against Defendant;

B. Permanently enjoin Defendant Interstate Brands Corporation from violating the Provisions of ERISA, including, but not limited to, permanently enjoining Interstate Brands Corporation from continuing its "temporary suspension" of contributions to the Pension Fund in violation of 29 U.S.C. Sections 1103(c)(1), 1106(a)(1)(B) and (D);

C. Order Defendant Interstate Brands Corporation to restore all losses to the Pension Fund, with interest thereon, resulting from its violations of ERISA, correct all prohibited transactions to the fullest extent possible, and disgorge any profits received as a result of the prohibited transactions;

D. Such other and further relief as this Court deems just.

## COUNT III – INJUNCTIVE RELIEF

28. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 14 and 19 through 27 as if more fully stated herein.

29. ERISA provides that a fiduciary may bring a civil action "to enjoin any act or practice which violates any provision…or terms of the plan, or (B) to obtain appropriate equitable relief." 29 U.S.C. § 1132(a)(3).

30. Injunctive relief requires (1) some likelihood of prevailing on the merits, (2) an inadequate remedy at law and plaintiff's suffering of irreparable harm if temporary relief is denied, (3) a balance of irreparable harm which demonstrates greater harm to the Plaintiffs if relief is denied than to the Defendant if relief is granted, and (4) a consideration of the public interest as reflected by the effect of grant or denial of the requested relief on non-parties.

31. Plaintiff's meet the standard for granting injunctive relief in this action because:

A. Plaintiffs have a strong likelihood of prevailing on the merits. Defendants have, through their August 12, 2011 correspondence, admitted every factual allegation in this Complaint.

B. In the present case there exists and inadequate remedy at law and Plaintiffs will suffer an irreparable harm because:

1. Defendant has engaged in, and informed Plaintiffs that it will continue to engage in, a prohibited transaction with the Pension Fund by requiring the Pension Fund to extend credit to Defendant through the "temporary suspension" of pension contributions. 29 U.S.C. Section 1106(a)(1)(B). Such violation of ERISA is properly enjoined pursuant to 29 U.S.C. 1132(a)(3).

2. Defendant has engaged in and informed Plaintiffs that it will continue to engage in a prohibited transaction with the Pension Fund by using Pension Fund assets for its own benefit through its "temporary suspension" of pension contributions. 29 U.S.C. Section 1106(a)(1)(D). Such violation of ERISA is properly enjoined pursuant to 29 U.S.C. 1132(a)(3).

3 Failure to remedy this situation potentially exposes Plaintiffs, as fiduciaries of the Pension Fund, to liability under 29 U.S.C. Section 1104.

8

4. IBC's failure to pay adversely affects the well-being and security of its employees and their dependants in that they are directly affected by and rely upon the Pension Fund for continued coverage.

5. The Pension Fund is required by law to credit covered employees with pension service credits regardless of whether the contributions are actually made by the covered employees' employer. A backlog of unpaid Pension Fund contributions, such as Defendants', results in economic hardship to the Pension Fund. This loss is irreparable due to its effect upon the Fund's actuarial soundness.

6. IBC's failure to pay the $9,810.00 currently due and refusal to pay any pension obligations accrued in the future works a substantial hardship and likelihood of loss as it jeopardizes the actuarial soundness and integrity of the Pension Fund could cause the Pension Fund irreparable harm.

7. The Pension Fund has and continues to suffer irreparable harm in that the Pension Fund has lost and will continue to lose investment opportunities on the amounts owed by IBC.

8. If IBC is not restrained, it may continue to accrue a liability to the Pension Fund in the form of delinquent contributions which it may never be able to satisfy. As such, the Funds will continue to suffer irreparable harm.

C. Plaintiffs should prevail on the balancing of hardships because IBC will not suffer any material harm if an injunction is issued because IBC would only be forced to honor its contractual obligations to the Pension Fund. Failing to enjoin IBC's actions, however, will force the Pension Fund into an extension of credit prohibited by ERISA, potentially opening the Plaintiffs to liability pursuant to 29 U.S.C. Section 1104.

D. The public interest here favors granting Plaintiffs an injunction. The Pension Fund is an employee benefit plans which provide benefits to employees and their dependants and to leave them without coverage is against public policy. The public interest is further served by enjoining IBC from failing to make any further contributions to the Pension Fund because to allow them to continue to work and continue to accrue liabilities to the Funds in the form of delinquent contributions which it may never be able to satisfy, further jeopardizes the employees and Pension Fund, and opens the Pension Funds' fiduciaries to potential liability.

WHEREFORE, Plaintiffs ask this Honorable Court to:

A. Permanently enjoin Defendant Interstate Brands Corporation from violating the Provisions of ERISA, including, but not limited to, permanently enjoining Interstate Brands Corporation from continuing its "temporary suspension" of contributions to the Pension Fund in violation of 29 U.S.C. Sections 1103(c)(1), 1106(a)(1)(B) and (D);

B. Award Plaintiff's costs and attorney's fees;

C. Grant any other relief deemed just and equitable.

STEVEN BUKOVAC, ADMINISTRATOR, AND
TRUSTEES OF THE AUTOMOBILE
MECHANICS' UNION AND INDUSTRY
PENSION FUND, Plaintiffs


By:   s:/ Gregory W. Hosé
      One of their attorneys

John F. Etzkorn
Steven F. McDowell
Gregory W. Hosé
ARNOLD & KADJAN
203 N. LaSalle St., Suite 1650
Chicago, IL 60604
P (312) 236-0415
F (312) 341-0438