IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN BUKOVAC, ADMINISTRATOR OF, AND TRUSTEES OF THE AUTOMOBILE MECHANICS' LOCAL 701 UNION AND INDUSTRY PENSION FUND, <br><br> Plaintiffs, <br><br> v. <br><br> INTERSTATE BRANDS CORPORATION a foreign corporation now known as HOSTESS BRANDS, INC., HOSTESS BRANDS, INC., a Delaware corporation not licensed to do business in Illinois <br><br> Defendants. | No. 11 CV 6013 <br><br> Judge Chang <br><br> Magistrate Judge Keys |

## PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS

NOW COME the Plaintiffs, STEVEN BUKOVAC, ADMINISTRATOR OF, AND TRUSTEES OF THE AUTOMOBILE MECHANICS' INDUSTRY WELFARE AND PENSION FUND OF THE INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AFL-CIO, LOCAL 701 ("the Pension Fund"), by and through their attorneys, JOHN F. ETZKORN, STEVEN F. MCDOWELL, GREGORY W. HOSÉ, and ARNOLD & KADJAN, and pursuant to Fed. R. Civ. P. 12(c) move for Judgment on the Pleadings based upon the Defendants' Answer to Count I of the Amended Complaint filed on October 21, 2011 on Count I of the Amended Complaint to recover fringe benefit contributions pursuant to 29 U.S.C. § 1145

In Support of its Motion, Plaintiffs state as follows:

1. The Amended Complaint alleges that Defendant is bound to a collective bargaining agreement with the Automobile Mechanics Local 701 (Am. Compl. at ¶ 10); the collective bargaining agreement requires monthly contributions to the Pension Fund (Am. Compl. at ¶ 12); and the Employer has unilaterally ceased making these contributions. (Am. Compl. at ¶¶ 15-18.)

2. Defendants admit the following in their Answer to Count I of the Amended Complaint:

   a. That Interstate Brands Corporation ("IBC") "negotiated a modified Collective Bargaining Agreement with Local 701." (Answer at ¶ 6.).

   b. That in April 2008 Hostess "entered into and agreed to be bound by a collective bargaining agreement covering the period July 1, 2008 through July 6, 2013" and Pension Fund Participation Agreements between itself and Automobile Mechanics Local 701 Pension Fund. (Answer at ¶ 10.)

   c. That Hostess, after changing its name in 2009, continued to be bound to the collective bargaining agreement "as a signatory and/or successor in interest." (Answer at ¶ 12.)

   d. That Hostess reported but did not pay "Total Payments Due Pension Fund" of $9,810.00 for July 2011. (Answer at ¶ 15.) Hostess denies the amounts pled as owed for August and September 2011, but fails to deny liability or that amounts are owed for those months and have not been paid. (*Id.*)

   e. That on August 12, 2011 Hostess informed Steven M. Bukovac, Pension Fund Administrator, "that Hostess was temporarily suspending pension contributions to the Fund, effective immediately." (Answer at ¶ 16; Am. Compl. Ex. 4.)

    f. That Hostess informed its employees of this "temporary suspension" of pension contributions and that their pension benefits would not be harmed as the Pension Fund remains liable. (Answer at ¶ 17; Am. Compl. Ex. 5.)

    g. That the Plaintiffs and the Fund were "not consulted and did not agree to allow Hostess to suspend contributions to the Fund." (Answer at ¶ 18.)

3. Fed. R. Civ. P. 12(c) provides that "after the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."

4. The pleadings close after the last of the following pleadings in the case have been filed: answer, reply to a counterclaim, answer to a cross claim, and third party answer. 2 *Moore's Federal Practice* § 12.38. There are no counter or cross claims at bar.

5. In determining the Motion, the Court may consider any and all pleadings and the instruments attached to them. Fed. R. Civ. P. 10(c).

6. Employers who are obligated to make contributions to a multiemployer plan pursuant to a collective bargaining agreement "shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

7. Defendants have admitted their failure to make contributions as required by their collective bargaining agreement and 29 U.S.C. § 1145.

8. The Seventh Circuit has held that the Plaintiffs, as representatives of the plan, can enforce the contractual provisions requiring contributions to multiemployer funds provided the terms are "not inconsistent with law." *Central States Se. & Sw. Areas Pension Fund v. Gerber Truck Service, Inc.*, 870 F.2d 1148, 1149 (7th Cir. 1989) (citation omitted). This

is to say that the Fund is "entitled to enforce the writing without regard to understandings or defenses applicable to the original parties." *Id.*

9. Judgment on the Pleadings is particularly appropriate in ERISA delinquency cases, as Congress has expressed its intent that "Federal pension law must permit trustees of plans to recover delinquent contributions efficaciously, and without regard to issues which might arise under labor-management relations law -- other than 29 U.S.C. 186. Sound national pension policy demands that employers who enter into agreements providing for pension contributions not be permitted to repudiate their pension promises." *Gerber Truck Service, Inc.*, 870 F.2d at 1153 (citation omitted).

10. Inability to pay contributions to the Pension Fund is not a recognized defense to liability or damages. *See IBEW Local No. 910 v. Dexelectrics, Inc.*, 98 F.Supp.2d 265 (N.D.N.Y. 2000) ("severe financial difficulties" is not a recognized defense).

WHEREFORE Plaintiffs pray for Judgment as to liability and an order directing ongoing specific performance of the Defendants' duty to timely contribute to the Pension Fund on a monthly basis pursuant to their collective bargaining agreement with Automobile Mechanics Local 701.

    Respectfully Submitted,

    STEVEN BUKOVAC, ADMINISTRATOR, AND
    TRUSTEES OF THE AUTOMOBILE
    MECHANICS' UNION AND INDUSTRY
    PENSION FUND, Plaintiffs

    By: /s/ Gregory W. Hosé
        One of their attorneys

John F. Etzkorn
Steven F. McDowell

Gregory W. Hosé
ARNOLD & KADJAN
203 N. LaSalle St., Suite 1650
Chicago, IL 60604
P (312) 236-0415
F (312) 341-0438

Gregory W. Hosé
ARNOLD & KADJAN
203 N. LaSalle St., Suite 1650
Chicago, IL 60604
P (312) 236-0415
F (312) 341-0438